(14 Misc. Rep. 454.)

## FERGUSON v. EHRET.

(City Court of New York, General Term. November 26, 1895.)

1. NEGLIGENCE—COLLISION WITH WAGON—PROOF OF OWNERSHIP.
   Testimony that a wagon by which plaintiff was injured in a collision bore defendant's name and business address warranted a finding that defendant was the owner.

2. SAME—EVIDENCE.
   While three wagons were being driven abreast along a public highway, defendant's driver suddenly endeavored to cross in front of the two other vehicles, and in doing so collided with one of them, forcing it against the third, driven by plaintiff, knocking him out and injuring him. *Held* to justify a verdict for plaintiff.

3. PERSONAL INJURY—EXCESSIVE DAMAGES.
   A verdict of $1,500 is not excessive where it appears that plaintiff was under medical treatment for several months, that he suffered from headaches and stomach and liver troubles, and that he may permanently feel the effects of his injury.

Appeal from trial term.

Action by George W. Ferguson, an infant, against George Ehret, to recover damages for personal injuries. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before FITZSIMONS and McCARTHY, JJ.

Ashbel P. Fitch, for appellant.

Mason & Pagelow, for respondent.

FITZSIMONS, J. If defendant's wagon caused the injuries plaintiff complains of, it is immaterial what its number was. There was certainly evidence showing that a wagon bearing upon it the defendant's name and business address did collide with Hoeffler's wagon, which in turn, and because of such collision, was forced over against plaintiff's wagon, breaking it, throwing him out and against the sidewalk, from which he suffered the injuries related by him. Such testimony certainly authorized the jury in finding that said wagon was one owned by defendant. It also appears that plaintiff's wagon was being driven along Eighth avenue, a public highway, in a lawful manner, and that such was also the case with Hoeffler's and defendant's wagons; that when they were all three abreast, and going up town, the defendant's horses and wagon were by their driver suddenly swung out of their course, and he endeavored to cross in front of the wagons of plaintiff and Hoeffler; that in doing so it (defendant's wagon) struck violently against Hoeffler's wagon, and because of such collision, as before stated, Hoeffler's wagon was forced over against, and struck, plaintiff's wagon, breaking it and casting plaintiff out and upon the walk. Such testimony undoubtedly justified the jury in deciding that the defendant's driver was careless in the management of his horses and wagon.

The question, was plaintiff guilty of contributory negligence? was certainly for the jury to decide, and was properly submitted to them by the trial justice.

The defendant's claim that the verdict is excessive, and for that reason should be set aside, is not justified by the evidence, I think, because it appears that for several months plaintiff was under medical treatment; that he suffered from headaches and stomach and liver troubles, and several other things, as related by the attending physicians; and that "probably he may feel the trouble in his liver and spine all his life," to use the words of Dr. Ahlstrom. If the plaintiff was so severely injured,—and evidently the jury believed the testimony to be true,—I think that it would be improper for us to declare the verdict herein ($1,500) excessive. That question was one for the jury, and their finding should be sustained, unless it appears to be the result of passion, prejudice, a disregard of the evidence, or some such consideration,—something which, in our judgment, did not occur herein. The judgment must be affirmed, with costs.